# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CALVIN D. LEE,**
      **Plaintiff,**

  v.                                                            **Case No. 22-C-1438**

**WELLPATH,**
      **Defendant.**

---

## SCREENING ORDER

This court previously received a pro se complaint under 42 U.S.C. § 1983 from plaintiff Calvin D. Lee while he was a pretrial detainee incarcerated at the Milwaukee County Jail.[1] Case No. 22-C-1089-LA, ECF No. 1. I previously screened that complaint and determined that, although it stated at least one claim for relief, the claims were not related and were alleged against different defendants. *Id.*, ECF No. 5 at 7. I ordered plaintiff to file an amended complaint on the claim of his choosing within thirty days. *Id.* at 8.

Plaintiff then filed two amended complaints, one for each of the two claims on which he wanted to proceed. *Id.*, ECF Nos. 7, 8. I ordered him to specify which of those he wanted to pursue in 22-C-1089 and whether he wanted to pursue the other in a separate lawsuit. *Id.*, ECF No. 8. Plaintiff responded and explained that he wished to proceed against Milwaukee County on his first amended complaint (ECF No. 6) and

---

[1] Plaintiff was a pretrial detainee at the Milwaukee County Jail when he filed his complaint in Case No. 22-C-1089-LA and when the Clerk's Office opened this case. Plaintiff has since been found guilty and sentenced. Plaintiff was transferred to Dodge Correctional Institution on in May of 2023, ECF No. 8, and was again transferred to Stanley Correctional Institution in July of 2023, ECF No. 10.

wanted to proceed against Wellpath on his second amended complaint (ECF No. 7) in a separate lawsuit. *Id.*, ECF No. 9. The plaintiff noted that he "understand[s] if a separate filing fee is require[d]." *Id.*

I granted plaintiff's request and directed the Clerk's office to open a new civil action with the second amended complaint (ECF No. 7) as the complaint. *Id.*, ECF No. 10. The Clerk's office docketed the second amended complaint in this new case and directed the plaintiff to pay the full filing fee or request to proceed without prepaying it. Case No. 22-C-1438-LA, ECF No. 2. On January 9, 2023, the plaintiff paid the full $402 filing fee. This order screens his complaint.

## I. SCREENING THE COMPLAINT

### A. Federal Screening Standard

Under the Prison Litigation Reform Act, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

The complaint names Wellpath as the only defendant. Plaintiff alleges that he received inadequate medical treatment during his time at the Jail beginning in December 2020. Plaintiff says he suffers from combat-related injuries and illnesses including a traumatic brain injury and post-traumatic stress disorder. Plaintiff alleges that he repeatedly told Wellpath officials about his injuries and need for care, but Wellpath reported that nearly all his medications were unavailable at the Jail, nor were alternative medications available.

On September 2, 2021, plaintiff filed a grievance about his inadequate care and lack of follow-up by Wellpath providers and staff. Unspecified staff told him to file a sick-call slip requesting health services, even though he had done so many times before.

Plaintiff notified Wellpath that it was unable to properly treat his combat-related issues, and the response he received did not dispute that. Plaintiff filed additional grievances seeking proper care throughout late 2021 and early 2022. He also asked to speak with a Veterans Affairs volunteer services coordinator about his physical- and mental-health issues. He says the response he received "yielded negative results, producing no fruitful alternative." ECF No. 1 at 4.

Plaintiff went on a hunger strike to protest his care, after which a social worker attempted to mitigate the situation. Plaintiff says he was not aided and instead was punished by being placed on suicide observation status and then in the special needs unit for a combined three days. He says Wellpath has "yet to follow-up with anything viable." *Id.* He says Wellpath "is able to meet the needs of most of the facility's occupants," but not his. *Id.* He says this lack of adequate treatment violates his rights under the Sixth and Fourteenth Amendments. He also says that because he is a disabled veteran, Wellpath violated his rights under the First, Fifth, Sixth, and Eighth Amendments to adequate "treatment, information, referrals, advice, individual and family advocacy, legal representation, or specific assistance in self-advocacy." *Id.* at 5.

Plaintiff seeks declaratory judgment that defendant violated his rights by not providing him adequate medical care or alternative treatment, violated his right to equal protection of the law, and violated his right to "special services and considerations" under the Fourteenth Amendment. *Id.* at 6–7. He seeks injunctive relief requiring that Wellpath provide the treatment requested and resources to treat his injuries and disabilities. He also seeks compensatory and punitive damages for the years his medical issues have gone untreated at the Jail.

**C. Analysis**

The complaint seeks to hold Wellpath responsible for its pattern or practice of inadequate care for the plaintiff's medical issues. A private corporation (like Wellpath) that has contracted to provide essential government services (such as health care for prisoners) "cannot be held liable under § 1983 unless the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself." *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). The private corporation may not be held liable for the actions of its employees. *Id.* (citing *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)); *see also Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff must allege "that his injury was caused by a policy, custom, or practice of deliberate indifference . . . or a series of bad acts that together raise the inference of such a policy." *Shields*, 746 F.3d at 796 (citing *Woodward v. Corr. Med. Servs. of Illinois, Inc.*, 368 F.3d 917, 927 (7th Cir. 2004)).

Plaintiff was a pretrial detainee at the time plaintiff's allegations occurred, so I review his claim regarding his inadequate medical care under the Fourteenth Amendment. *See Miranda v. County of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). To state a claim, plaintiff must allege that defendant acted purposefully, knowingly, or recklessly with respect to the consequences of its actions; and that the defendant's conduct was "objectively unreasonable"—that is, it was not "'rationally related to a legitimate non-punitive governmental purpose'" or was "'excessive in relation to that purpose.'" *Hardeman v. Curran,* 933 F.3d 816, 821–22 (7th Cir. 2019) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)); *see Miranda*, 900 F.3d at 352. For purposes of screening, I find plaintiff's allegations about Wellpath's continuous, inadequate treatment

for his medical and mental health issues sufficient to state a claim for relief under the Fourteenth Amendment.

The complaint does not state a claim under any other amendment. Plaintiff may not proceed on an equal protection claim for the reasons discussed in the screening order in case 22-C-1089. ECF No. 5 at 9 (citing *Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000); and *Williams v. Lane*, 851 F.2d 867, 881–82 (7th Cir. 1988)). Nor may he proceed on a claim for declaratory relief that the defendant violated his rights in the past. *Id.* at 11 (citing *Green v. Mansour*, 474 U.S. 64, 73 (1985); and *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 894 (7th Cir. 2012)). This lawsuit may proceed on his Fourteenth Amendment claim against Wellpath for damages and prospective declaratory and injunctive relief only.

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon defendant Wellpath pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that Wellpath shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities (or who are not incarcerated) must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to

---

[2] The Prisoner E-Filing Program is mandatory for all prisoners of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

a different institution. The plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 10th day of October, 2023.

/s/ Lynn Adelman<br>
LYNN ADELMAN<br>
United States District Judge