UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CALVIN D. LEE,

    Plaintiff,

vs.                                         Case No. 22-CV-1438

WELLPATH,

    Defendant.

---

## DEFENDANT WELLPATH'S ANSWER TO COMPLAINT

---

**NOW COMES** the Defendant, Wellpath, LLC (denominated as "Wellpath" in the Complaint), by and through its attorneys, Kopka Pinkus Dolin, PC, and hereby submits its Answer to Plaintiff's Complaint:

## ANSWER TO PLAINTIFF'S CLAIMS PER COURT'S MERIT REVIEW ORDER
### (Dkt. 11)

1. That Wellpath staff violated Plaintiff's Constitutional rights through inadequate medical care for Plaintiff's traumatic brain injury and post-traumatic stress disorder.

    **ANSWER: Denies.**

2. That Wellpath violated Plaintiff's Constitutional rights through an unconstitutional policy, custom, or practice.

    **ANSWER: Denies.**

3. That Wellpath otherwise violated Plaintiff's Constitutional rights through deliberate indifference or objectively unreasonable conduct.

    **ANSWER: Denies.**

**Any and all other allegations brought by Plaintiff that are not otherwise answered above are hereby DENIED in their entirety.**

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim against upon which relief may be granted.

2. The Defendant's employees acted in good faith with the good faith belief that its employee's actions were necessary and reasonable for the discharge of their duties and obligations of their positions.

3. Plaintiff's injuries, as alleged, are the result of pre-existing injuries or natural disease progression beyond the control of, and unrelated to the acts, omissions, or conduct of any defendant.

4. Plaintiff did not have a serious medical need at any time relevant to this litigation.

5. Upon information and belief, Plaintiff is barred from pursuing this legal action because he failed to exhaust all administrative remedies available to him as required by federal and state law.

6. That Plaintiff's claims are barred by the statute of limitations.

7. All damages Plaintiff alleges to have sustained are barred byand contrary to public policy.

8. The Defendant may be entitled to qualified or absolute immunity.

9. The Defendant did not act with deliberate indifference or act objectively unreasonable at any time relevant to this action.

10. That Plaintiff have failed to acquire personal jurisdiction over Defendant by virtue of failing to properly effectuate service of process of the Summons and Complaint upon it.

11. That Plaintiff cannot proceed with a *Monell* claim as there was no underlying Constitutional violation.

12. The Defendant reserves the right to amend this answer and assert additional defenses as discovery proceeds.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Defendant prays for judgment against Plaintiff, as follows:

1. That judgment be awarded in its favor and against Plaintiff, and that the Complaint be dismissed with prejudice;

2. That Defendant be awarded its costs of suit;

3. That Defendant be awarded reasonable attorneys' fees as may be determined by this Court; and

4. For such other and further relief as the Court shall deem just and proper.

Dated: November 14, 2023

        **KOPKA PINKUS DOLIN PC**
        *Attorneys for Defendant Wellpath, LLC,*

        By: */s/ Paul J. Pytlik*
            Paul J. Pytlik
            State Bar No. 1001127
            Herschel B. Brodkey
            State Bar No. 1117719

P.O. ADDRESS:
N19W24400 Riverwood Dr, Suite 260
Waukesha, WI 53188-1191
(414) 251-0314; Fax: (219) 794-1982
pjpytlik@kopkalaw.com; hbbrodkey@kopkalaw.com